**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------------------------------X
Shine Dingle and Dwayne Hicks,
                    Plaintiffs,                                       **FIRST AMENDED**
            -against-                                       **COMPLAINT**

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,    **14-CV-7316 (RJD) (PK)**
NEW YORK CITY POLICE OFFICER LT. JOSEPH BARONE, and POLICE
OFFICERS JOHN DOE # 1 through approximately # 10, the names being fictitious
and presently unknown, in their individual and official capacities as employees of
the City of New York Police Department,
                    Defendants.
-----------------------------------------------------------------------------------------------------X

       The Plaintiffs, Shine Dingle and Dwayne Hicks, by their attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, allege the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

       1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the State of New York, against the City of New York, New York City Police Department, and NYPD Lt. Joseph Barone and Police Officers John Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiffs seek compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

       2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiffs also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiffs request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

### NOTICE OF CLAIM

       3.    A notice of claim was filed with the City of New York within the relevant statutory period; 50-h hearings conducted; more than 30 days have elapsed since such filing; the City has inadequately offered to settle Plaintiffs' state law claims.

### VENUE

       4.    Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in Kings County, New York, within the confines of the Eastern District of New York.

### PARTIES

       5.    Plaintiffs at all times relevant hereto resided in the City and State of New York.

6. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

7. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

8. That at all times hereinafter mentioned, and on information and belief, defendant Police Officers were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

9. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

10. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

11. That as a result of the foregoing, Defendant CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

12. At all relevant times, Dwayne Hicks was a 36-year-old Brooklyn resident who lived with and took care of his aging mother.

13. At all relevant times, Shine Dingle was a 30 year-old life long Brooklyn resident and mother of three with no criminal record.

14. At all relevant times, Defendant Barone was a supervising sergeant of the New York City Police Department. Defendant Barone supervised and was responsible for the false arrests of plaintiffs, the unlawful search and destruction of property inside the home of Plaintiff Hicks, and the actions of all of the defendant officers described in this complaint.

15. On 2 October 2013, at approximately 7:15am Ms. Dingle and Mr. Hicks were in Mr. Hicks' car, parked near Mr. Hicks' home which is located at 390 Sutter Avenue in Brooklyn (Kings County), New York. While the car was running, Hicks left the car and went to a nearby bodega. A man approached him and told him to stop and reached for a gun. Hicks only later discovered it was an officer, possibly NYPD Detective Carlos Arroyo who was working under the supervision of Defendant Barone -- at the time the man did not identify himself, was in plainclothes, and had no badge displayed.

16. Hicks ran away. When he went home he discovered that defendant police officers including Defendant Barone, under the pretense of a search warrant for a gun, had burglarized and ransacked his home, damaged his front

door, broke an urn in his bedroom containing his father's ashes, and destroyed his father's remains while his family was threatened and forced to watch it all happen. The urn was clearly marked as an urn, looked like an urn, and had the name of Hicks' father and dates related to his birth and death. When the police destroyed the urn, they caused the ashes of Hicks' father to scatter all over the room, including the bedroom floor, and the police then proceeded to walk over the ashes, leaving behind their footprints in the scattered remains of the ashes.

17. Meanwhile, once Hicks ran, defendant police officers surrounded Dingle, pulled her out of the car, and yelled and screamed at her to tell them where Hicks had gone. They threw her against the car, cuffed her behind her back and threatened to frame her by threatening that everything they had planned to pin on Hicks they would pin on her if she didn't find him for them.

18. Defendant officers then took Dingle to a nearby parking lot where they were parked, put her in the back of their car, and without cause or justification rifled through her purse. They found ID cards for Dingle's three children and threatened to have them taken away unless she helped them get Hicks. They repeatedly used her phone without her permission or authority to call Hicks to no avail.

19. Then defendant offices drove her around, canvassing the area, and eventually took her to the precinct.

20. Then defendant officers unlawfully seized Hicks' vehicle, taking it to the precinct, where they illegally searched and damaged it.

21. At the precinct, defendant officers continued harassing and threatening Dingle. They also insulted and slandered Hicks to her in hope of turning her against him.

22. Eventually defendant officers got a hold of Hicks, still using Dingle's phone, and informed him they were holding Dingle hostage until he turned himself in.

23. After Hicks turned himself in, defendant officers gave Dingle a Desk Appearance Ticket and released her.

24. Defendant officers then arrested Hicks, gave him a Desk Appearance Ticket and released him.

25. Over the next two days Hicks returned to the precinct for a copy of the search warrant the police claimed to have, to no avail.

26. When plaintiffs appeared for their arraignment, they were informed all charges had been dismissed.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

27. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

28. Defendants subjected Plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

29. Defendants have deprived Plaintiffs of civil, constitutional and statutory rights and have conspired to deprive Plantiffs of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

30. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiffs were damaged in the sum of One Million ($1,000,000.00) Dollars each.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

31. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

32. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiffs as a result of the conduct of its employees, agents, and servants.

33. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

34. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

35. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

36. Defendant CITY OF NEW YORK has damaged Plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

37. Defendants subjected Plaintiffs to false arrest and false imprisonment.

38. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars each.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

39. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

40. Defendants illegally arrested Plaintiffs subjecting them to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, destruction of property, and desecration of remains, without probable cause.

41. As a result of the foregoing, Plaintiffs have been deprived of his following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

42. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars each.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

43. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

44. Defendants illegally arrested Plaintiffs, subjecting them to false arrest, imprisonment and deprivation of liberty without probable cause.

45. As a result of the foregoing, Plaintiffs have been deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects

against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiffs' rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

46. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars each.

## FIFTH CAUSE OF ACTION
(ASSAULT and EXCESSIVE FORCE)

47. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

48. The Court has pendant jurisdiction of this claim.

49. As a result of the foregoing, defendants intentionally put Plaintiffs in fear and fright of imminent physical harm.

50. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars each.

## SIX CAUSE OF ACTION
(BATTERY and EXCESSIVE FORCE)

51. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

52. Defendants battered Plaintiffs.

53. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars each.

## SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

54. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

55. Defendants caused a false accusatory instrument to be filed against Plaintiffs.

56. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

57. Defendants have deprived Plaintiffs of civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

58. Plaintiffs were damaged in the sum of One Million ($1,000,000.00) Dollars each as a result of the malicious prosecution implemented by the defendants.

## EIGHTH CAUSE OF ACTION
(CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

59. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

60. Plaintiffs were denied food and water at the precinct.

61. Plaintiffs suffered from the lack of food and water and defendants did not care about their welfare.

62. As a result of defendants' conduct, Plaintiffs suffered injuries.

63. Upon information and belief, this is an ongoing practice within the confines of the precinct to deny food and water to individuals who are arrested.

64. Plaintiff Dingle was denied medical treatment at the scene of the unlawful arrest.

65. After the arrest, Dingle suffered pain.

66. Defendants knew of Dingle's condition because she informed them and they saw written proof when they unlawfully seized and searched her belongings including her purse, but failed to take corrective actions to accommodate her.

67. Additionally, defendants harassed Dingle and threatened to take her children and frame her. They forcibly handcuffed her too tightly, manhandled her, injured her wrists and arms. They kidnapped her, stole her phone, and used it without permission or authority, hauled her into the precinct and continued to terrorize her.

68. Additionally, defendants subjected Hicks to threats, false arrest, and the destruction of property, burglary, and desecration of his father's ashes, all without consent, cause, or justification and in full view of his family.

## **NINTH CAUSE OF ACUTION**
(DENIAL of a FAIR TRIAL)

69. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

70. Defendants' misrepresentations about Plaintiffs to prosecutors deprived Plaintiffs of liberty because they were required to appear in court after the misrepresentations were made.

71. Thus defendants are liable to Plaintiffs under the Sixth Amendment for denying them a fair trial.

72. As a result, Plaintiffs suffered the injuries as set forth within this complaint.

## **TENTH CAUSE OF ACTION**
(CRUEL and UNUSUAL PUNISHMENT)

73. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

74. Defendants threatened to take Dingle's children away from her and to frame her for alleged crimes committed by Hicks, among other mistreatments, and her physical condition suffered.

75. Defendants burglarized Hicks apartment, destroyed personal property, and desecrated his father's ashes, among other mistreatments, and his physical condition suffered.

76. As a result of defendants' conduct, Plaintiffs unnecessarily suffered cruel and unusual punishment.

## **ELEVENTH CAUSE OF ACTION**
(NEGLIGENCE)

77. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

78. Defendants' owed a duty to Plaintiffs who were prisoners in the custody and care of defendants.

79. Defendants breached their duty to Plaintiffs.

80. As a result, Plaintiffs suffered injuries.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiffs in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B.  Awarding Plaintiffs punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C.  Awarding Plaintiffs reasonable attorney's fees, costs and disbursements of this action;

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demands a jury trial.

Dated:   15 DECEMBER 2016
         New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiffs