UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

SHINE DINGLE AND DWAYNE HICKS,

                        Plaintiffs,

            -against-                          14-CV-7316 (RJD)(PK)

THE CITY OF NEW YORK ET AL,

                        Defendants.

-------------------------------------------------------------- x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS**

 

GREGORY ZENON, ESQ.
30 Wall Street, 8th Floor
New York, New York 10005
(212) 380-8582

*Attorney for Plaintiffs*

ROBERT MARINELLI, ESQ.
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

*Attorney for Plaintiffs*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**............................................................................................................1

**INTRODUCTION** ........................................................................................................................4

**ARGUMENT**................................................................................................................................5

   I.   PLAINTIFFS SHOULD RECOVER FULL ATTORNEYS' FEES AND COSTS FOR THE WORK PERFORMED ON THE LITIGATION AND THE INSTANT FEE APPLICATION..................................................................................................................5

   A.   Plaintiffs are Entitled to Recover Fees and Costs as a Prevailing Party........................5

   B.   The Hourly Rates Requested are Reasonable ................................................................9

   C.   The Time Expended By Plaintiffs' Counsels Was Reasonable ....................................12

**CONCLUSION**............................................................................................................................15

# TABLE OF AUTHORITIES

Quaratino v. Tiffany & Co., 166 F.3d 422, (2d Cir. 1999)     4, 8

Barbour v. City of White Plains, 788 F. Supp. 2d 216 (S.D.N.Y. 2011)     4

Insinga v. Cooperatieve Centrale Raiffeisen Boerenleenbank B.A., 478 F. Supp. 2d 508 (S.D.N.Y. 2007)     5

Rosado v. City of New York, No. 11 Civ. 4285(SAS), 2012 WL955510 (S.D.N.Y. Mar. 15, 2012)     5

Tucker v. City of New York, 704 F. Supp. 2d 347 (S.D.N.Y. 2010)     5

Hensley v. Eckerhart, 461 U.S. 424 (1983)     5, 6

Raishevich v. Foster, 247 F.3d 337 (2d Cir. 2001)     5

Siracuse v. Program for the Development of Human Potential, 2012 WL 1624291 (E.D.N.Y. 2012) (Pollak, M.J.)     5

Kerr v. Quinn, 692 F.2d 875 (2d Cir.1982)     5

Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975)     6

Kassim v. City of Schenectady, 415 F.3d 246 (2d Cir. 2005)     6, 8

Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277 (2d Cir. 2011)     6

Millea v. Metro-N. R. Co., 658 F.3d 154 (2d Cir. 2011)     7, 8

Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662 (2010)     7

Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132 (2d Cir. 2008)     7

Farrar v. Hobby, 506 U.S. 103 (1992)     7

City of Riverside v. Rivera, 477 U.S. 561 (1986)     7

Himmel v. Country in New York, LLC, No. 09 Civ. 5073(LMM)(DF),

2011 WL 31045 (S.D.N.Y. Jan. 4, 2011)     8

Gagne v. Maher, 594 F.2d 336 (2d Cir. 1979), aff'd, 448 U.S. 122(1980)     8, 13

Fox v. Vice, 131 S. Ct. 2205 (2011)     9

Reiter v. MTA New York City Transit Authority, 457 F.3d 224 (2d Cir. 2006)     9

Blum v. Stenson, 465 U.S. 886 (1984)     9

Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407 (2d Cir. 1987)     9

Thomas v. City of New York, 2017 U.S. Dist. LEXIS 199235, (EDNY. 2017)     10, 11

Artemide Inc. v. Spero Elec. Corp., 2010 U.S. Dist. LEXIS 136870,

2010 WL 5452075 (EDNY. 2010)     10, 11

Blount v. City of New York, 11-CV-0124 (BMC), 2011 WL8174137

(E.D.N.Y. 2011)     10, 11

Andrews v. City of New York, No. 14-CV-4845, 2015 WL 2237060

(E.D.N.Y, 2015)     10, 11

Thorsen v. County of Nassau, No. 03 CV 1022, 2011 WL 1004862

(E.D.N.Y. 2011)     10, 11

Cooper v. Dieugenia 14-CV-6136, 2018 U.S. Dist. LEXIS 76800 (E.D.N.Y. 2018)     12

Robert Cooper v. City of New York, 14-CV-1761 (RJD)(RML)     12

New York State Ass'ssn for Retarded Children v. Carey, 711 F.2d 1136 (2d Cir. 1983)     12, 14

Davis v. City of New Rochelle, 156 F.D.R. 549 (S.D.N.Y. 1994)     13

Reed v. A.W. Lawrence & Co., 95 F.3d 1170 (2d Cir. 1996)     13

LeBlanc-Sternberg v. Fletcher, 143 F.3d 748 (2d Cir. 1998)     14

U.S. Football League v. National Football League, 887 F.2d 408 (2d Cir. 1989)     14

**Statutes & Rules**

Federal Rule of Civil Procedure 68                                      4

42 U.S.C. §1988                                                         5, 13, 14

42 U.S.C. §1983                                                         *throughout*

Federal Rule of Civil Procedure 54(d)                                   14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

SHINE DINGLE AND DWAYNE HICKS,

                            Plaintiffs,

              -against-                       14-CV-7316 (RJD)(PK)

THE CITY OF NEW YORK ET AL,

                            Defendants.

-------------------------------------------------------------- x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION FOR ATTORNEYS' FEES AND COSTS**

**INTRODUCTION**

      On 27 November 2018, this Court entered a Judgment against defendant City of New York in favor of plaintiffs. The Judgment was based on plaintiffs' acceptance of a Rule 68 Offer of Judgment. Plaintiffs now seek reasonable attorneys' fees at a rate of $400 per hour for attorneys Gregory Zenon and Robert Marinelli; as well as reasonable costs incurred during the litigation. The terms of the offer included, in relevant part, for the payment of reasonable costs and expenses. As set forth in the time sheets and records accompanying the attorney declarations, plaintiffs are requesting $215,995.15 in legal fees and costs and expenses. This includes that plaintiffs are also seeking to recover for the time counsel was forced to expend litigating this fee motion.[1]

---

[1]     Reasonable fees are routinely awarded for work and time spent on litigating fee applications. *See Quaratino v. Tiffany & Co.*, 166 F.3d 422, 427-28 (2d Cir. 1999); *Barbour v.*

4

## **ARGUMENT**

### I. PLAINTIFFS SHOULD RECOVER FULL ATTORNEYS' FEES AND COSTS FOR THE WORK PERFORMED ON THE LITIGATION AND THE INSTANT FEE APPLICATION

#### A. **Plaintiffs are Entitled to Recover Fees and Costs as a Prevailing Party**

The plain language of 42 U.S.C. §1988 ("Section 1988") provides that "[i]n any action or proceeding to enforce a provision of [Section 1983] . . . the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs." The discretionary phrasing notwithstanding, the prevailing plaintiff is presumptively entitled to recover reasonable attorneys' fees, absent exceptional circumstances. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.") (internal citation and quotation); *Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001) (The discretion afforded by the statute "is narrowed by a presumption that successful civil rights litigants should ordinarily recover attorneys' fees."); *Siracuse v. Program for the Development of Human Potential*, 2012 WL 1624291, *16 (E.D.N.Y. 2012) (Pollak, M.J.) ("As prevailing parties, there is 'a presumption' that they 'should recover an attorney's fee unless special circumstances would render such an award unjust.'") (quoting *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir.1982)).

---

*City of White Plains*, 788 F. Supp. 2d 216, 223 (S.D.N.Y. 2011); *Insinga v. Cooperatieve Centrale Raiffeisen Boerenleenbank B.A.*, 478 F. Supp. 2d 508, 513 (S.D.N.Y. 2007). That is even true in the Rule 68 context. *Rosado v. City of New York*, No. 11 Civ. 4285(SAS), 2012 WL955510 at *6 (S.D.N.Y. Mar. 15, 2012); *Tucker v. City of New York*, 704 F. Supp. 2d 347, 358 (S.D.N.Y. 2010). The total fee amount currently listed $7,200.00 reflects the reasonable fees for litigating the case through trial, plus the fees and costs for researching, preparing, and writing this motion through 11 p.m. on 4 March 2019. We will supplement the total fees and detail the time spent litigating this motion including any additional work done today and for any reply brief in the final reply.

5

The purpose of the attorneys' fees provisions is to enable plaintiffs with valid claims to attract effective legal representation and thereby encourage private enforcement of civil rights statutes, to the benefit of the public as a whole. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415 (1975); *Hensley v. Eckerhart*, 461 U.S. 424, 445 (1983) (Brennan, J., dissent).[2] This oft-cited policy favoring fully compensable fee awards for prevailing plaintiffs is not just an abstract principle, but reflects a fundamental reality of legal practice nationally, in New York, and in this District. If plaintiffs cannot obtain attorneys' fees when they prevail in a civil rights case, there will be few or no "private attorney general" actions brought because few attorneys will be willing or able to take on such cases. Most significantly, the attorneys' fees provided under 42 U.S.C. § 1988 are intended to attract qualified counsel even in cases where the anticipated monetary recovery may otherwise be too small to create a contingency significantly attractive for representation in complex or protracted matters. *See Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005).

**Plaintiffs' Attorneys' Fees Are Reasonable**

In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee." *See Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011). Both the Second Circuit and United States Su-

---

[2] The Supreme Court in *Hensley* quoted from the 1976 Senate report on the Civil Rights Attorney Fees Award Act, as follows: All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain. In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must recover what it costs them to vindicate these rights in court. 461 U.S. at 445 (citing Senate Report 2, House Report 1-3, U.S. Code Cong. & Admin. News 1976, p.5910).

6

preme Court "have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – constitutes the "presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672-73 (2010) ("[T]he lodestar method yields a fee that is presumptively sufficient" to "induce a capable attorney to undertake the representation of a meritorious civil rights case"). Thus, a court awarding fees must first calculate the lodestar. *See Millea*, 658 F.3d at 167.

Once the court has determined the lodestar, it may depart from that amount only "in exceptional circumstances." *Id.* at 169 (emphasis added). Ultimately, "'the most critical factor' in the district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained by the plaintiff.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).

However, it is well-settled principle that the fees need not be proportional to the damages recovered in the underlying litigation. In fact, the Supreme Court has rejected a "rule of proportionality", i.e., mechanistically linking the prevailing plaintiff's legal fees to the amount of damages a civil rights plaintiff actually recovers. *See City of Riverside v. Rivera*, 477 U.S. 561, 574-575 (1986) ("Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief."). The Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the

7

litigation." *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005). In so doing, the Second Circuit observed:

> [Section] 1988 was enacted in part to secure legal representation for plaintiffs whose constitutional injury was too small, in terms of expected monetary recovery, to create an incentive for attorneys to take the case under conventional fee arrangements. If the district court reduced the fee in the belief that the claimed hours were simply disproportionate in a case involving a $2500 injury, without regard to the reasonableness of the attorney's expenditure of time in responding to the particular circumstances, this was error.

*Id.*; *see also Millea v. Metro-North Railroad Co.*, 658 F.3d 154 (2d Cir. 2011) ("Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes. . . [t]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery.") (emphasis in original); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 424 (2d Cir. 1999) (rejecting a "billing judgment" rule that would limit an awardable fee to one rationally related to the recovery that could be expected ex ante).

In addition to attorney hours expended litigating a case on the merits, the time spent preparing the fee application itself is also compensable. *See Rosado*, 2012 WL 955510 at *6 ("[A]s a matter of equity, plaintiff should be awarded some amount for the time his counsel spent in preparing the instant fee application."); *Tucker*, 704 F. Supp. 2d at 358. Compensating counsel for the time spent preparing a fee application is essential to avoiding the "'dilut[ion of] the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees.'" *Himmel v. Country in New York, LLC*, No. 09 Civ. 5073(LMM)(DF), 2011 WL 31045, at *3 (S.D.N.Y. Jan. 4, 2011) (quoting *Gagne v. Maker*, 594 F.2d 336, 344 (2d Cir.1979)).

8

Notwithstanding these requirements, the Supreme Court has "emphasize[d] that the determination of fees should not result in a second major litigation." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). Judges "need not, and indeed should not, become green-eyeshade accountants." *Id.* "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.* Hence, the plaintiff is entitled to recover her legal fees and expenses, which necessarily includes the time expended in making the instant motion.

B. **The Hourly Rates Requested are Reasonable**

A reasonable hourly rate is ordinarily determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006), (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Courts may rely upon their own knowledge of private firm hourly rates in deciding what reasonable rates are in the community. *See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

As the Court noted in *Blum*, "Congress directed that attorney's fees be calculated according to standards currently in use under other fee-shifting statutes: 'It is intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases.'" *Blum*, 465 U.S. at 893 (quoting S. Rep. No. 94-1011, p. 6 (1976)). The Court continued,

> the critical inquiry in determining reasonableness is now generally recognized as the appropriate hourly rate…To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is

9

>normally deemed to be reasonable, and is referred to – for convenience – as the prevailing market rate.

*Id.* at 898.

### Mr. Zenon's Hourly Rate

Mr. Zenon's request for an hourly rate of $400.00 is reasonable and in line with a partner in a small law firm with twenty years of experience. *See Thomas v. City of New York*, 2017 U.S. Dist. LEXIS 199235, (EDNY. Dec. 1, 2017); *Artemide Inc. v. Spero Elec. Corp.*, 2010 U.S. Dist. LEXIS 136870, 2010 WL 5452075 (EDNY. Nov. 23, 2010). "Current prevailing rates for partners in the Eastern District range from $350.00 to $450.00. *Blount v. City of New York*, 11-CV-0124 (BMC), 2011 WL8174137 (E.D.N.Y. Aug. 11, 2011) (awarding a $425 hourly rate to an attorney with an office in Brooklyn with over fifteen years of experience who has appeared in over 150 federal lawsuits); *Andrews v. City of New York*, No. 14-CV-4845, 2015 WL 2237060 (E.D.N.Y, May 12, 2015) (awarding a fee of $425 to a solo practitioner in Brooklyn with experience in approximately 650 Section 1983 cases); *Thorsen v. County of Nassau*, No. 03 CV 1022, 2011 WL 1004862, at *5 (E.D.N.Y. Mar. 17, 2011) (finding $450 to be a reasonable rate for a partner with an office in Nassau County) (collecting cases).

Mr. Zenon has been admitted to practice law in the State of New York since 2000 and possesses a considerable amount of experience in the litigation of Section 1983 actions against NYPD. Since 2008, Mr. Zenon has litigated over fifty matters in federal court in the Eastern and Southern Districts of New York – all involving claims against NYPD for, *inter alia*, false arrest, malicious precaution, and excessive force.

10

In addition to his extensive experience in civil rights litigation, Mr. Zenon has substantial experience in criminal law, having represented hundreds of clients and tried over 35 cases to verdict; *See* Zenon Decl. ¶ 13-16**.**

***Mr. Marinelli's Hourly Rate***

Mr. Marinelli's request for an hourly rate of $400.00 is reasonable and in line with a partner in a small law firm with over twenty years of experience. *See Thomas v. City of New York*, 2017 U.S. Dist. LEXIS 199235, (EDNY. Dec. 1, 2017); *Artemide Inc. v. Spero Elec. Corp.*, 2010 U.S. Dist. LEXIS 136870, 2010 WL 5452075 (EDNY. Nov. 23, 2010). "Current prevailing rates for partners in the Eastern District range from $350.00 to $450.00. *Blount v. City of New York*, 11-CV-0124 (BMC), 2011 WL8174137 (E.D.N.Y.  Aug. 11, 2011) (awarding a $425 hourly rate to an attorney with an office in Brooklyn with over fifteen years of experience who has appeared in over 150 federal lawsuits); *Andrews v. City of New York*, No. 14-CV-4845, 2015 WL 2237060 (E.D.N.Y, May 12, 2015) (awarding a fee of $425 to a solo practitioner in Brooklyn with experience in approximately 650 Section 1983 cases); *Thorsen v. County of Nassau*, No. 03 CV 1022, 2011 WL 1004862, at *5 (E.D.N.Y. Mar. 17, 2011) (finding $450 to be a reasonable rate for a partner with an office in Nassau County) (collecting cases).

Mr. Marinelli has been admitted to practice law in the State of New York since 1993 and possesses a considerable amount of experience in the litigation of Section 1983 actions against NYPD. Since 2008, Mr. Marinelli has litigated hundreds of matters in federal court in the Eastern and Southern Districts of New York – all involving claims against NYPD for, *inter alia*, false arrest, malicious precaution, and excessive force. Marinelli has tried eight

civil rights cases in Federal Court and one in State Court and has actively litigated civil rights matter in the Eastern District for over seventeen years. *See* Marinelli Decl. ¶ 7-9.

In addition to his extensive experience in civil rights litigation, Mr. Marinelli has substantial experience in criminal law, having represented hundreds of clients and tried over 20 cases to a jury verdict; and has perfected scores of appeals in the Appellate Divisions of this state. *See* Marinelli Decl. ¶ 7-9. In Cooper v. Dieugenia, ("Cooper")14-CV-6136, Memorandum and Order. Mr. Marinelli's was awarded a rate of $325. This ruling was based, in part, on the erroneous assertion that Mr. Marinelli has "eight years of specialized experience in police misconduct matters." See, Cooper v. Dieugenia, 2018 U.S. Dist. LEXIS 76800 (E.D.N.Y. May 7, 2018). Mr. Marinelli is currently litigating the matter of Robert Cooper v. City of New York, 14-CV-1761 (RJD)(RML) before this Court. Mr. Marinelli has been lead counsel in two additional 1983 cases since the Cooper decision.

**C. The Time Expended By Plaintiffs' Counsels Was Reasonable**

The Supreme Court has noted that a reasonable hourly fee will normally encompass all hours reasonably expended in this litigation. *Hensley*, 461 U.S. at 435. A party seeking fees bears the burden of supporting its claims of hours expended by accurate, detailed and contemporaneous time records. *See New York State Ass'ssn for Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Here, Mr. Zenon and Mr. Marinelli have submitted detailed, accurate and contemporaneous time records. *See* Attorneys Fees & Costs herein attached as Exhibits 1 and 2 to Zenon Decl.

It bears noting that while Mr. Zenon and Mr. Marinelli both worked on the case, there was not duplicate work. Mr. Marinelli did not file a notice of appearance until March 21, 2018, when the case appeared destined to go to trial. The fact that there were phone

12

calls and emails between plaintiffs' attorneys is not indicative of duplication of work. It is normal within a firm for attorneys to confer about case strategy and other discovery related matters. In this same vein, it was reasonable for Mr. Zenon, a solo practitioner to bring on and consult with Mr. Marinelli as they two of them evaluated the strengths and weakness of the claims and defenses while determining the best courses of action to take in the prosecution of plaintiffs' case. This is particularly applicable herein as the case entered trial posture.

The records detail the activities and work performed by Mr. Zenon in this matter that total 462 hours. *See* Zenon Decl. and Ex. 1. At an hourly rate of $400.00, Plaintiffs are requesting $180,840.00 for his work. Id. Mr. Zenon also expended 12 hours on the instant motion and requests $4,800.00 for this work, for a total of $185,640.00. Id. Mr. Marinelli requests $25,120 for his work in this matter, having performed 62.8 hours at an hourly rate of $400.00. *See* Marinelli Decl. and Ex. 2. Mr. Marinelli also expended 6 hours on the instant motion and requests $2,400.00 for this work, for a total of $27,520. In total, plaintiffs' counsel is seeking to be paid for a total of about 543 hours, which is eminently reasonable for a case that was litigated for approximately five years through discovery and summary judgment motion practice and was literally settled on the eve of trial.

The attorneys' fees sought in this application include the time spent preparing the instant fee application. It is well-settled that attorneys should be compensated for "time reasonably spent by plaintiff's attorneys in establishing their fee pursuant to fee-shifting statures, such as §1988." *Davis v. City of New Rochelle*, 156 F.D.R. 549, 560 (S.D.N.Y. 1994) (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), aff'd, 448 U.S. 122(1980)); *Reed*

13

*v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996); *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

### Plaintiffs are Entitled to Recover Reasonable Out-of-Pocket Expenses

Pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54(d), Plaintiffs seek an award of reasonable out-of-pocket expenses. *See* Zenon. Decl. and Exhibits 3 and 4. As prevailing parties, Plaintiffs are entitled to recover such expenses incurred during the litigation that would normally be charged to a fee-paying client. Included in the non-taxable expenses of this litigation are attachments to the Zenon Decl. Exhibits 3 and 4. These expenses are of the type routinely billed by attorneys to fee-paying clients and were actual and necessary costs incurred to prosecute the case. *See*, *e.g.*, *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *U.S. Football League v. National Football League,* 887 F.2d 408, 416 (2d Cir. 1989). The total nontaxable out-of-pocket expenses incurred by Plaintiffs are $2,835.15.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that this Court award a total of $215,995.15 as attorneys' fees and costs to plaintiffs as prevailing parties in this litigation, in the following amounts: a) Attorneys' fees to Gregory Zenon at the rate of $400 per hour for 474 hours spent on this litigation through the date of this application for a total of $185,640; b) Attorneys' fees to Robert Marinelli at the rate of $400 per hour for 68.8 hours spent on this litigation through the date of this application for a total of $27,520, c) Reasonable costs and expenses in the amount of $2,835.15; and d) Such other costs and expenses as may be incurred hereafter.

Dated: 4 March 2019
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　GREGORY ZENON, ESQ.
　　　　　　　　　　　　　　　　　　30 Wall Street, Suite 8th Floor
　　　　　　　　　　　　　　　　　　New York, New York 10005
　　　　　　　　　　　　　　　　　　(212) 380-8582

15